UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-189-H

EDWARD J. HART, ET AL                                                                    PLAINTIFFS

V.

FIFTH THIRD BANK, INC. et al.                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiffs' motion to remand to Kentucky state court and Defendants' motion to dismiss. Plaintiffs argue that remand is required due to the absence of both complete diversity of citizenship and a federal question. Defendants counter that the non-diverse defendant was fraudulently joined to defeat diversity jurisdiction. Defendants further argue that entire action against all Defendants should be dismissed under Fed. R. Civ. P. 12(b) for failure to state a claim.

For the reasons that follow, the Court concludes that remand to Jefferson Circuit Court is appropriate.

**I.**

On April 20, 2007, Plaintiffs entered into a loan with Defendant Fifth Third Bank[1] for $3,649,985. In an effort to "lock in" an interest rate on this loan, Plaintiffs subsequently entered into an ISDA Master Agreement and Schedule (hereinafter referred to as the "SWAP Agreement") on May 8, 2007, and Plaintiffs signed a confirmation letter agreement regarding the

---

[1] The parties contest with which corporate entity the loan and later SWAP agreement were entered. Because the Court determines that a viable claim has been asserted against a non-diverse defendant and, therefore, remand to state court is required, the Court does not address the issue of the proper title of the defendant Bank and simply refers to the contracting bank as "Fifth Third Bank."

SWAP Agreement on May 11, 2008. Plaintiffs claim that before entering into these contracts, Plaintiffs made it known to Defendants that they needed a loan that carried no penalty for early payment. Plaintiffs further contend that Fifth Third Bank and its agents, including named defendant Michael Gifford, recommended the SWAP Agreement as a method of accomplishing this goal while locking in a fixed interest rate.

Plaintiffs proceeded to make monthly payments on the loan under the SWAP Agreement. In early July 2008, Plaintiffs decided to make significant payments on the loan. It is uncontested that by August 6, 2008, Plaintiffs paid off the entire amount owed under the original loan. However, Fifth Third Bank asserts that payments are still due under the terms of the SWAP Agreement. Plaintiffs made these payments until December of 2008. Fifth Third Bank contends that significant payments are still owed under the SWAP Agreement.

Plaintiffs originally brought this suit in Jefferson County (Kentucky) Circuit Court against Fifth Third Bank and Michael Gifford, a vice president with Fifth Third Bank. Plaintiffs have alleged claims for fraudulent inducement to enter the SWAP Agreement, breach of fiduciary duties, violation of various Kentucky statutes, and breach of contract. Defendants subsequently filed a Notice of Removal and removed the case to the United States District Court for the Western District of Kentucky. It is undisputed that Plaintiffs are residents of the Commonwealth of Kentucky, as is Defendant Gifford.[2] It is further undisputed that Plaintiffs' claims involve purely state law issues. Defendants contend, however, that removal to this Court was appropriate because Gifford was fraudulently joined in this action as an attempt to prevent

---

[2] There are multiple entities associated with Fifth Third Bank that have been sued by Plaintiffs. These entities are all registered under the laws of either Michigan or Ohio and all have their principle places of business in either Michigan or Ohio.

this Court's diversity jurisdiction.

## II.

Where the Court's subject matter jurisdiction is premised on diversity of citizenship, the starting point in considering a motion to remand to state court is whether complete diversity exists at the time of removal. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). "Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Id.* (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)). It is the party seeking to bring the case into federal court, here Defendants, that bears the burden of establishing complete diversity. *Id.* at 493.

However, fraudulent joinder of non-diverse parties will not defeat the Court's removal jurisdiction. *Id.* "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.* This is not an easy burden for the removing party to meet. As the Sixth Circuit explained,

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party." . . . All doubts as to the propriety of removal are resolved in favor of remand.

*Id.* (quoting *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). Only one of Plaintiffs' claims against the non-diverse defendant need be viable under state law to require this Court to remand the entire case.

### III.

On the face of the complaint, there is not complete diversity in this action. Plaintiffs and Gifford are residents of the same state, Kentucky. However, Defendants contend that Gifford was improperly joined because the Complaint fails to state a claim against Gifford.

### A.

Defendants start by noting that the complaint rarely mentions Mr. Gifford by name and never makes specific allegations against "Mr. Gifford." Plaintiffs argue that the complaint names Gifford as a defendant in the case and the counts alleged by Plaintiffs refer to actions taken by "Defendants." The recent case of *Brewer Machine & Conveyor Mfg. Co., Inc. v. Old National Bank*, 248 F.R.D. 478 (W.D.Ky. 2008), is extremely instructive on this issue. In *Brewer*, the plaintiffs mentioned the non-diverse defendant by name only in asserting her position with the diverse corporate defendant and her residency status. The defendants in *Brewer* made the same argument as Defendants in this case, that simply asserting actions by "Defendants" was not sufficient to assert claims against the non-diverse individual defendant. The Court, however, found that use of the phrase "Defendants" naturally incorporated all defendants into the allegations made by the plaintiffs and, therefore, the complaint was sufficient with regard to that issue. *Id.* at 481. This Court agrees with the *Brewer* court that such pleading is sufficient. Plaintiffs identified Gifford as one of the defendants involved in this case. All further allegations against "Defendants," therefore, incorporate allegations against Gifford.

### B.

Defendants next contend that each allegation against Gifford is insufficient to state a claim for relief. The Court will first examine the primary claim against Gifford, fraudulent

4

inducement to enter a contract.

As a general matter, Defendants contend that Gifford was simply acting in the ordinary scope of his employment with Fifth Third Bank and, therefore, cannot be personally liable for fraudulent inducement. This is not an accurate statement of the law in Kentucky.[3] "[T]he agent of a corporation, albeit a principal shareholder and officer of the corporation, 'is personally liable for a tort committed by him although he was acting for the corporation.'" *Smith v. Isaacs*, 777 S.W.2d 912, 914 (Ky. 1989) (quoting *Peters v. Frey*, 429 S.W.2d 847 (Ky. 1968)). As this Court has recently stated, "[U]nder Kentucky law, an agent for a disclosed principal may be personally liable in tort where the agent commits fraud which induces the other party to enter into a contract with the principal." *Brewer*, 248 F.R.D. at 482. *See also Young v. Vista Homes, Inc.*, 243 S.W.3d 352, 364 (Ky. Ct. App. 2007) ("It would seem that James and Fred Bramblett could be individually liable for any misrepresentations which they personally made even though they were acting on behalf of Vista Homes at the time.").

Defendants next contend that a claim for fraudulent inducement cannot be asserted against Gifford because he was not involved in the negotiations of the SWAP Agreement. However, Plaintiffs complaint alleges that "Defendants" made misrepresentations regarding the ability to prepay the loan without penalty and made material omissions which rise to the level of fraudulent misrepresentations. Further, Plaintiffs contend that Gifford was involved in obtaining

---

[3] Defendants contend that New York law should apply to all claims in this case because a provision of the SWAP Agreement provides that New York law applies to the contract. However, Defendants cite the Court to no precedent saying that this choice of law provision in the SWAP Agreement, if enforceable at all, should apply to a claim for fraudulent inducement. In fact, a case similar to the present action that Defendants rely upon heavily in their own motion to dismiss indicates that local law should apply to fraudulent inducement claims regardless of a provision in the SWAP Agreement stating that New York law will apply to disputes involving that agreement. *BKB Properties, LLC v. Suntrust Bank*, No. 3:08-CV-00529, 2009 WL 529860, at *9 n.14 (M.D.Tenn. March 2, 2009).

the SWAP Agreement and specifically made these misrepresentations. Because these are questions of fact, the Court must construe the facts in a light most favorable to the non-removing party. *Coyne*, 183 F.3d at 493. As such, the Court must accept that Gifford made the claimed misrepresentations.

Defendants also argue that the fraudulent inducement claim cannot be maintained against Gifford because Plaintiffs have failed to plead the claim with particularity. Specifically, Defendants contend that Plaintiffs do not allege the exact misrepresentations made by Gifford. Although this argument is better addressed by the state court on remand, *see Brewer*, 248 F.R.D. at 482 n.2, the Court notes that Plaintiffs have pled that "Defendants" made misrepresentations regarding the ability to prepay the original loan without incurring penalties and omitted other material information necessary to avoid fraudulent inducement. (Comp. ¶¶ 51-53).

Finally, Defendants contend that the claim of fraudulent inducement against Gifford cannot proceed because the SWAP Agreement contains a provision that states Plaintiffs did not rely on any statements of any Fifth Third Bank employees in making their decision to enter into the SWAP Agreement. However, it is questionable at best whether Kentucky law would prohibit Plaintiffs from bringing a fraudulent inducement claim simply because boilerplate language in the SWAP Agreement states that the Plaintiffs did not rely on any representations made by Defendants. Defendants offer no Kentucky cases supporting such an agreement. Moreover, the *BKB Properties* case cited heavily by Defendants specifically rejects it. *BKB Properties*, 2009 WL 529860 at *10 ("[T]he question of whether BKB reasonably relied on SunTrust's alleged misrepresentations is one of fact that may not be resolved on a motion to dismiss."). Because there is some ambiguity on whether the contract provision would prohibit Plaintiffs' fraudulent

6

inducement claims under Kentucky law, the Court must resolve that ambiguity in favor of Plaintiffs, the non-removing party. *Coyne*, 183 F.3d at 493.

Based on this analysis, there is " a colorable basis for predicting that [the] plaintiff may recover against non-diverse defendants" for fraudulent inducement. *Id.* That said, the Court has little doubt that the claims against Gifford are maintained in large part to avoid federal jurisdiction. However, the Court's assessment of a party's putative motives is not a valid criteria for deciding fraudulent inducement issues. Based on the law, the Court is required to remand the case to the Jefferson Circuit Court. *Id.* A finding that the fraudulent inducement claim is viable is sufficient to require the Court to remand the entire case to state court. This conclusion makes Defendants' motion to dismiss moot.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court. Defendants' motion to dismiss is moot.

cc: Counsel of Record